**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICKY TODD CARVER,
Plaintiff-Appellant,

v.

WADE B. BULLOCH; K. L. HORNE,

No. 98-1255

Defendants-Appellees,

and

E. W. HORTON,
Defendant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-97-104)

Submitted: November 30, 1998

Decided: January 13, 1999

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marvin Sparrow, Durham, North Carolina, for Appellant. Isaac T.
Avery, III, Special Deputy Attorney General, Jonathan P. Babb,
Assistant Attorney General, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Ricky Todd Carver filed this action under 42 U.S.C.§ 1983 against two North Carolina police officers, alleging excessive force, in violation of the Fourth Amendment. The district court granted the officers' motion for summary judgment based on their qualified immunity. We affirm.

The defendant police officers, believing Carver to be a triple homicide suspect, attempted to stop him while driving his truck. Rather than be stopped, Carver led the officers on a chase which ended in a dark, secluded and wooded area where he exited his vehicle, leaving two passengers inside. As he ran into the woods, the officers followed, with their weapons drawn. Carver contends that after he tripped over a tree, the two officers struck him with a flashlight as he tried to crawl away. He claims that after one of the officers had pinned him face down on the ground, the other officer struck him in the head with a flashlight for ignoring a police order to place his hand behind his back so that he could be placed in handcuffs. As a result of the officer's actions, Carver sustained personal injuries which required medical attention. He filed this action for damages.

The district court held that the force used by the defendant officers was objectively reasonable in the circumstances. The court concluded that because neither officer violated a clearly established right against unreasonable seizures under the Fourth Amendment, they were entitled to qualified immunity.

This court reviews a grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988). Summary judgment is properly granted when there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.

2

See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences are to be drawn in favor of the non-moving party. See Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).

In determining whether the defendants are entitled to qualified immunity, a court proceeds by determining first whether the plaintiff has alleged a violation of a clearly established constitutional right. See Pittman v. Nelms, 87 F.3d 116, 119 (4th Cir. 1996) (quoting Siegert v. Gilley, 500 U.S. 226, 231 (1991)). Only if such a violation is demonstrated must the court then decide whether the officers knew or should have known that their actions were illegal. See id. at 119.

A claim that a law enforcement officer used excessive force in making an arrest is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 396 (1989). Force is not excessive if it is objectively reasonable under the circumstances facing the officers, without regard to their underlying intent. See id. at 397. Objective reasonableness is judged from the point of view of a reasonable officer on the scene. See id. at 396. The reasonableness of force employed is assessed in the totality of the circumstances, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396 (citing Tennessee v. Garner, 471 U.S. 1, 8-9 (1985)).

Applying these principles to the case at hand, we conclude that the district court did not err in granting summary judgment on the basis of qualified immunity. Carver was a triple homicide suspect who had led officers on a car chase, then on a foot chase into woods. The area was lit only by one officer's flashlight, and Carver actively resisted the officers' attempts to subdue him, throwing his legs up into the air and pushing one of the officers away with his feet. The officers did not know whether Carver was armed, nor did they know the location of the two passengers and whether they were armed. These circumstances created a dangerous and tense situation, and officers' immediate restraint of Carver by the means used was objectively reasonable.

Because the plaintiff has failed to establish any violation of a constitutional right, we need not determine whether the officers knew or should have known that their actions were illegal.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED

4